**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:15-cr-20206-JTF-tmp |
| RICKIE FRIAR, | ) | |
| Defendant. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is the Defendant's Motion to Suppress Evidence filed on October 8, 2015. (ECF No. 15). On October 20, 2015, the Court referred the Defendant's motion to the Magistrate Judge. (ECF No. 16). The Government responded to the instant motion on October 23, 2015. (ECF No. 23). A hearing was held by the Magistrate Judge on November 12, 2015, and subsequently the Magistrate Judge submitted the Report and Recommendations on February 12, 2016. (ECF No. 23). The Defendant filed Objections to the Magistrate Judge's Report and Recommendations on February 26, 2016. (ECF No. 32).

### I.  Findings of Fact

In the Report and Recommendations the Magistrate Judge provides factual findings. While the Defendant has filed objections, none of his objections are specifically related to the Magistrate Judge's factual findings. Therefore, the Court fully adopts the factual findings of the Magistrate Judge's Report and Recommendation.

## II. Standard or Review

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non-dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

## III. Analysis

In his Report and Recommendations the Magistrate Judge examined whether the Defendant's Motion to Suppress should be granted. After conducting a hearing, and review the record the Magistrate Judge reached the following legal conclusions: 1) The Defendant Had a Valid Expectation of Privacy in the iPad; 2) The Government Seizure of the iPad did not violate the fourth amendment; 3) The warrant authorizing the search was not defective. Accordingly, the Magistrate Judge recommended the Defendant's Motion to Suppress be denied.

### a. *De Novo* Review of the Magistrate Judge's Report and Recommendation and Defendant's Objections

The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (citing Thomas v. Arn, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object."). Without a specific objection, it is difficult for the Court to construe how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the Plaintiff could find objectionable. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection, or a failure to object entirely. McCready v. Kamminga, 113 F. App'x 47, 49 (6th Cir. 2004) (citing Howard, 932 F.2d at 509).

The Defendant filed objections to the Magistrate Judge's Report and Recommendation on February 26, 2016. (ECF No. 32). Specifically, the Defendant's objections were the following:

1) <u>Defendant objects to the Magistrate's findings that the warrantless seizure of Defendant's "iPad" was lawful and met an exception to the warrant requirement.</u>[1]

The Defendant submits that the seizure was illegal because they had no basis to seize his iPad without a warrant or warrant exception. To support his contentions, the Defendant cites to *Riley v. California*, 134 S. Ct. 2473 (2014), which holds that a warrant is required before a

---

[1] The Defendant objects to the finding: ". . . .the warrantless seizure of Defendant's 'iPad' was lawful and met an exception to the warrant requirement." However, Defendant is incorrect, in that the Magistrate Judge never found that the seizure met a warrant exception. The Magistrate Judge found the seizure was supported by probable cause and the duration of the seizure was reasonable.

person's cell phone may be searched. The Defendant also asserts that the seizure of the iPad was done for the convenience of law enforcement, and not evidentiary concerns. (ECF No. 32 p.6). Consequently, the Defendant claims the evidence should be excluded.

The Magistrate Judge contends "that [the exclusionary rule] does not apply here." Accordingly, the Magistrate noted, "The officers did not view any of the contents on the iPad, they diligently proceeded to obtain a warrant, and the affidavit supporting the warrant did not contain any evidence derived from the iPad or its seizure." The Fourth Amendment to the United States constitution provides:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated and no warrants shall issue, but upon probable cause[2], supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

U.S. Const. Amend. IV. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interest in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Thus, the central inquiry for the Court, properly articulated by the Magistrate Judge, "is whether the officers violated the Defendant's Fourth Amendment rights when, without exigent circumstance, they seized the iPad for the purpose of preserving it until they could obtain a search warrant." (ECF No. 29 p. 12). While the Sixth Circuit is split on this issue, *United States v. Respress*, 9 F.3d 483 (6th Cir. 1993) supports the proposition that exigent circumstances are not required. However, *United States v. Bradley*, 488 F.App'x 99 (6th Cir.

---

[2] "[P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may contraband or stolen property or useful as evidence of a crime." *United States v. Jacobsen*, 466 U,S, 109, 113 (1984). The Magistrate stated, "Probable cause exists where, given the totality of the circumstances, there are reasonable grounds for the belief of wrongdoing, which is supported by less than prima facie proof but more than mere suspicion." (Citing *United States v. Bennet*, 901 F.2d 931, 934).

2012) and *United States v. Saddler*, 498 F. App'x 524 (6th Cir. 2012), hold that exigent circumstance are a threshold requirement.

In reaching his conclusion, the Magistrate Judge reviewed *Repress, Bradley,* and *Saddler*. (ECF No. 29 p. 12-20). In *Repress*, the Defendant was an airline passenger who triggered the attention of a task force officer because he matched the drug carrier profile. *Repress*, 9 F.3d at 483. After the Defendant denied the officer's request to search his luggage, the officer informed the Defendant he would seize the luggage and obtain a search warrant. *Id.* The officer subsequently seized the luggage for ten hours. The Sixth Circuit affirmed the denial of the motion to suppress stating, "the practice of seizing an item based on probable cause in order to secure a search warrant. . . [has] long been lawful." *Repress*, 9 F.3d at 486. However, the court noted that even with the existence of probable cause, the seizure must be reasonable. *Id.* 484-85.

The court in *Bradley* also denied the Defendant's Motion to Suppress; because the warrantless seizure fell within the 'imminent threat to evidence' exigency exception. In *Bradley*, the Defendant's computer possessed a "Globally Unique identifier" associated with downloading child pornography. The government notified the Defendant that they would be seizing his laptop and applying for a search warrant—subsequently seizing the laptop for twenty-six hours. The court found the government had an objectively reasonable basis in concluding there was an imminent threat the evidence would be destroyed. *Bradley*, 488 F.App'x 99, 103. Additionally, the Court found the government's interest in protecting evidence from destruction is particularly high when involving digital evidence due to its ephemeral and easily destructible nature. *See Id.* (citing *United States v. Abbell*, 963 F.Supp. 1178, 1199 (S.D. Fla. 1997). Moreover, the Court explained that a warrantless seizure of the property, unaccompanied by a warrantless search,

5

only infringes on a Defendant's possessory interest, not their privacy interest. *See id;* and *Segura v. United States*, 468 U.S. 796, 810 (1984).

In *Sadler*, the police found a locked safe in a house they were sweeping after gun shots had been reported. The defendant claimed he did not have the code to unlock the safe, and the police seized the safe for twelve hours while awaiting a search warrant. In affirming the denial of the Motion to Suppress, the court found: 1) The officer's fear that evidence would be destroyed was objectively reasonable; 2) The interest involving crimes is significant; 3) The seizure affected only Saddler's possessory interest; 4) No liberty interest was impinged by the seizure; and 5) The scope and direction of the seizure was reasonable. *Sadler*, 498 F. App'x at 529-531.

Here, the government had probable cause to believe that the iPad contained evidence of child pornography, and its subsequent seizure did not violate the Fourth Amendment even though there may have been no exigent circumstances. The significant governmental interest in *Repress*, *Bradley* and *Sadler* is also present in this case: the governmental interest preserving evidence. Moreover, as the Magistrate Judge found, the seizure of the iPad only infringed Friar's possessory interest in the iPad; the police did not search the contents of the iPad until they obtained the search warrant. Additionally, the duration of the seizure was reasonable—it was only twelve hours.

In adopting the Magistrate Judge's recommendation, the Court finds that the officers acted reasonably in seizing the iPad. The officers encountered the complainant outside of the Defendant's residence. It was determined that the iPad contained contraband. Actually, it would have been unreasonable for the officers to return the iPad to the residence, or even leave it with the complainant. Testimony confirmed that the pornographic material had been viewed by the complainant and the minor. Thus, the officers acted reasonably.

The magistrate Judge also correctly found that even if the officers should have obtained a search warrant prior to seizing the iPad, the exclusionary rule should not be applied. The Court agrees that under the circumstances the independent source doctrine is applicable. (ECF 29 23-24).

The Defendant's application of *Riley* is discordant with the case at bar. *Riley* mandates a warrant to search a cellular device; however, no warrantless search occurred, only a warrantless seizure. Moreover, the Defendant provided no facts or legal authorities to challenge the cases cited by the Magistrate Judge supporting the proposition that a warrantless seizure, even without a recognized exception, can still be legal within the auspices of the Fourth Amendment. Therefore, the Defendant's Objection to the legality of the seizure is overruled.

2.  <u>Defendant Objects to the Magistrate's Finding that the Initial Search Warrant was Not Defective.</u>

The Defendant also claims that the warrant authorizing the subsequent search of the iPad is defective. Specifically, Friar asserts the testimony of Deputy Crossley, claiming he did not view the contents of the iPad, is simply not credible. Moreover, the Defendant claims that all evidence derived from the defective warrants is tainted and should be suppressed—arguing that the police had no right to seize the iPad without him being present, regardless of Riba's presence. The Defendant also contends that the Magistrate Judge who authorized the search warrant improperly found probable cause.

The Magistrate Judge found that, "[T]he judge had a substantial basis for determining that a search of the iPad would uncover evidence of criminality without additional information. . ." (ECF No. 29 p. 33). Specifically, the Magistrate Judge concluded that the affidavit was sufficient to establish probable cause. "An issuing judge's findings of probable cause should be

given great deference by the reviewing court and should not be reversed unless arbitrarily exercised." *United States v. Combs*, 369 F.3d 925, 937 (6th Cir. 2004) (quoting *United States v. Miller*, 314 F.3d 265, 268 (6th Cir. 2002)). If the issuing judge has a substantial basis for determining the search would uncover evidence of wrongdoing, the warrant must be upheld. *See Miller*, 314 F.3d at 937. Moreover, the Sixth Circuit has recognized that warrants based on an informant identified by name in an affidavit, that has personally observed evidence of a crime, are sufficient to support probable cause. *See United States v. Braden*, 248 F. App'x 700, 703 (6th Cir. 2007); *United States v. McCraven*, 401 F.3d 693, 698 (6th Cir. 2005) (holding that "independent corroboration of an informant's story is not necessary to a determination of probable cause"); *Combs*, 369 F.3d. at 937-938.

Here, the warrant was based on information from Riba, Friar's housekeeper of seven years. Riba was identified by name and personally observed the illegal pornographic material. Accordingly, the search warrant executed by the government was supported by probable cause. For the same reasons above, the Magistrate Judge properly found the Defendant's Motion to Suppress should be denied.

The Defendants arguments regarding Deputy Crossley are speculative at best. He cites no evidence or special testimony to undermine the credibility of Deputy Crossley's claims; nor does he cite any case law to challenge the legal conclusions of the Magistrate Judge. Moreover, the Defendant provided no facts to dispute the finding of probable cause, or refute Riba's authority to enter the premises. Consequently, the Defendant's objection to the validity of the search warrant is overruled.

### IV. Conclusion

Again, the Court has fully reviewed the entire record, including motions, responses, transcript of testimony and objections. Upon *de novo* review, the Court does not find issue with the Magistrate Judge's proposed conclusions of law. As such, this Court accepts in its entirety the Magistrate Judge's report and recommendation that Defendant's Motion to Suppress be DENIED. Accordingly, the objections are overruled.

IT IS SO ORDERED this 18th day of March, 2016.

*S/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge