IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

UNITED STATES OF AMERICA,

   *

  PLAINTIFF,

   *

V.                15-20206

   *

RICKIE FRIAR

   *

  DEFENDANT.

_____

**POSITION OF DEFENDANT REGARDING
SENTENCING FACTORS**

_____

Defendant entered a plea of guilty on counts 1, 5, 7 and 10 of indictment number 15-20206. Count 1 of the indictment charge defendant with a violation of 18 U.S.C § 2423(a) and carries a statutory sentence of 10 years to life in prison. Counts 5, 7 and 10 charged a violation of 18 U.S.C § 2251(a); 18 U.S.C. 2251(e) which carry a statutory sentence of 15-30 years in prison.

In determining a sentence in the post *Booker*[1] climate, a district court "must consult" and "take…into account…." the now *advisory* sentencing

---

[1] *United States v. Booker*, 125 S.Ct. 738 (2005)(Sixth Amendment majority at 746 (Stevens, Scalia, Souter, Thomas, Ginsburg, JJ.); (Remedial majority at 756 (Bryer, J., Rehnquist, C.J., O'Connor, Kennedy, Ginsburg, JJ.)

guidelines.  *United States v. Booker*, 125 S.Ct. 738, 767, *citing*, 18 U.S.C. § 3553(a)(4), (5) (Thomson/West 2005).[2]  The ultimate sentence imposed, however, is no longer dictated by guideline provisions; rather, it is to be informed by traditional judicial sentencing discretion governed by the statutory purposes of sentencing and relevant sentencing factors defined by statute.  *United States v. Booker*, 125 S.Ct. 738, 764-65 (2005), *citing*, 18 U.S.C. §3553 (a)(1), (3), (5)-(7); (a)(2)(1)-(5).

The Ninth Circuit has held in this post *Booker* climate that

> …the advisory guideline range is only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence.

*United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir. 2005), *reh'g en banc granted*, 401 F.3d 1007 (9th Cir. 2005).[3]

The overriding mandate of the sentencing statute is that the sentence be "sufficient, but not greater than necessary" to further the statutory

---

[2] *United States v. Gardner*, 417 F.3d 541, 543 (6th Cir. 2005)( holding that sentencing courts "must continue to give consideration to the guidelines." (internal citation omitted)).

[3] Further, construing *Booker*, the *Ameline* opinion holds that "the impermissible grounds for departure set forth in § 5K2.0(d) no longer constrain the court's discretion in fashioning a sentence within the statutory range." 400 F.3d at 656.

purposes[4] of sentencing.  18 U.S.C. §3553(a) (2015).  These statutory purposes of sentencing have been summarized as:

- Retribution.
- Deterrence.
- Incapacitation.
- Rehabilitation.

*United States v. Denardi*, 892 F.2d 269, 276 (3d Cir. 1989)(Becker, J., concurring in part, dissenting in part).

In fashioning a sentence which is "sufficient but not greater than necessary" to give effect to the purposes of sentencing as defined by statute, the district court must consider:

- The Nature and Circumstances of the Offense along with the History and Characteristics of the defendant.
- The Kinds of Sentences available.
- The Sentence Guidelines and Policy Statements
- Avoidance of Unwarranted Sentencing Disparity
- Provision for Restitution where appropriate.

18 U.S.C.A. §3553(a)(1), (3), (5)-(7) (2015).

The starting point in the determination of an appropriate sentence must of necessity focus on the proper weight to accord the now advisory guidelines.  Judge Collier, of the Eastern District of Tennessee, has addressed this issue in a published sentencing memorandum.  *United States v. Phelps*, 366 F.Supp.2d 580, 589 (E.D. Tenn. 2005).  Rejecting the notion

---

[4] 18 U.S.C.A. §3553(a)(2)(A)-(D) (Thomson/West 2015).

3

that the guideline sentence range is a "starting point" or that it is "presumptively reasonable", Judge Collier states that the guideline range is "one of a universe of factors pertinent to the…sentencing decision(s)"; but it is not "uniquely primary among those factors." 366 F.Supp. at 587. Instead, Judge Collier holds that:

> [t]he advisory Guidelines should be treated as a major and persuasive factor among the universe of considerations contemplated by §3553(a). This is not to say the advisory Guidelines range is *per se* reasonable or that sentences should fall within that range absent some exceptional or extraordinary circumstance. To "consult" the Guidelines in this manner would result in a *de facto* mandatory Guidelines regime not readily distinguishable from that which the Supreme Court found violative of the Sixth Amendment in *Booker*.

366 F.Supp. at 589, *cited with approval* by *United States v. Tate*, 136 Fed.Appx. 821 (6th Cir. 2005). It is submitted that the above explanation of the role the advisory guidelines play is still the most accurate description of how they fit into the complicated sentencing process.

It is respectfully submitted that in the post *Booker* sentencing universe, the district court must impose a sentence minimally sufficient to further the statutory purposes of sentencing based upon its exercise of traditional judicial discretion as informed by the five statutory sentencing

factors detailed at 18 U.S.C.A. §3553(a)(1), (3), (5)-(7) (Thomson/West 2015).

OBJECTIONS/REQUESTED DELETIONS

Defendant objects to paragraphs, identifying data on page 3 of the presentence report identifying his "alias birthdate" of March 10, 1946. The correct birthdate is March 10, 1949. Additionally, Mr. Friar objects to paragraphs 22, 27, 30, 35, 42-55, 63-70 and 114. Defendant submits that appropriate guideline calculations are as follows:

**Count 1: Transportation of a Minor with Intent to Engage in Criminal Sexual Activity**

**Base Offense Level**: The guideline for 18 U.S.C. § 2423(a) offenses is found in USSG §2G1.3 of the guidelines. That section provides that an offense involving the transportation of a minor with intent to engage in criminal sexual activity has a base offense level of 28. USSG §2G1.3(a)(3). **28**

**Specific Offense Characteristics**: Pursuant to USSG §2G1.3(b)(1)(B), if the minor was otherwise in the custody, care, or supervisory control of the defendant, increase by 2 levels. The minor victims in this case were in the supervisory control of the defendant, as they often stayed at his residence. **+2**

**Specific Offense Characteristics**: Pursuant to USSG §2G1.3(b)(2)(B), if a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct, increase by 2 levels. As the defendant was at least 10 years older than the minor, a rebuttable presumption arises that this enhancement applies. **+2**

**Specific Offense Characteristics**: Pursuant to USSG §2G1.3(b)(5), if (A) subsection (a)(3) or (a)(4) applies; and (B) the offense involved a minor who had not attained the age of 12 years, increase

by 8 levels. Subsection (a)(3) applies and the minor victim
was under 12 years of age.                                                                  **+8**

**Adjusted Offense Level (Subtotal):**                                               **40**

**Count 5: Sexual Exploitation of a Minor**

**Base Offense Level:** The guideline for 18 U.S.C. § 2251(a)
offenses is found in USSG §2G2.1 of the guidelines. That section
provides that an offense involving the sexual exploitation of a
minor has a base offense level of 32. USSG §2G2.1(a).                **32**

**Specific Offense Characteristics:** Pursuant to USSG
§2G2.1(b)(1)(A), if the offense involved a minor who had not
attained the age of 12 years, increase by 4 levels. In this offense,
the minor victim was 7-8 years old.                                           **+4**

**Specific Offense Characteristics:** Pursuant to USSG
§2G2.1(b)(2)(A), if the offense involved the commission of a
sexual act or sexual contact, increase by 2 levels. This offense
involved the commission of sexual contact between the minor victim
and the defendant.                                                                    **+2**

**Specific Offense Characteristics:** Pursuant to USSG
§2G2.1(b)(5), if the minor was otherwise in the custody, care, or
supervisory control of the defendant, increase by 2 levels.
The minor victims in this case were in the supervisory control
of the defendant, as they often stayed at his residence.             **+2**

**Adjusted Offense Level (Subtotal):**                                              **<u>40</u>**

**Count 7: Sexual Exploitation of a Minor**

**Base Offense Level:** The guideline for 18 U.S.C. § 2251(a)
offenses is found in USSG §2G2.1 of the guidelines. That section
provides that an offense involving the sexual exploitation of a
minor has a base offense level of 32. USSG §2G2.1(a).                **32**

**Specific Offense Characteristics**: Pursuant to USSG

§2G2.1(b)(1)(B), if the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years, increase by 2 levels. In this offense, the minor victim was 12 years old.

    **+2**

**Specific Offense Characteristics:** Pursuant to USSG §2G2.1(b)(5), if the minor was otherwise in the custody, care, or supervisory control of the defendant, increase by 2 levels. The minor victims in this case were in the supervisory control of the defendant, as they often stayed at his residence.

    **+2**

**Adjusted Offense Level (Subtotal):**   **36**

### Count 10: Sexual Exploitation of a Minor

**Base Offense Level:** The guideline for 18 U.S.C. § 2251(a) offenses is found in USSG §2G2.1 of the guidelines. That section provides that an offense involving the sexual exploitation of a minor has a base offense level of 32. USSG §2G2.1(a).

    **32**

**Specific Offense Characteristics:** Pursuant to USSG §2G2.1(b)(1)(B), if the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years, increase by 2 levels. In this offense, the minor victim was 12 years old.

    **+2**

Specific Offense Characteristics: Pursuant to USSG §2G2.1(b)(5), if the minor was otherwise in the custody, care, or supervisory control of the defendant, increase by 2 levels. The minor victims in this case were in the supervisory control of the defendant, as they often stayed at his residence.

    **+2**

**Adjusted Offense Level (Subtotal):**   **36**

Multiple Count Adjustment:

| Group # |       | Adjusted Offense Levels | Units |
|---------|-------|-------------------------|-------|
| 1       | (MV3) | 40                      | 1.0   |
| 5       | (MV2) | 40                      | 1.0   |
| 7       | (MV1) | 36                      | 0.5   |

| | | | |
|---|---|---|---|
| 10 | (MV3) | 36 | 0.5 |
| | Total Number of Units: | | 3.0 |

**Greater of the Adjusted Offense Levels Above:** <u>**40**</u>

**Increase in Offense Level:** **3**

**Combined Adjusted Offense Levels Above:** <u>**43**</u>

**Acceptance of Responsibility**: The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a).   **-2**

**Acceptance of Responsibility:** The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. USSG §3E1.1(b).   **-1**

**Total Offense Level**: <u>**40**</u>

CRIMINAL HISTORY CATEGORY

Defendant does not object to the criminal history computation and agrees that he is a criminal history category I. Defendant submits that the appropriate guideline calculation in this matter is level 40, criminal history category 1, rendering a guideline range of 292-364 months in prison.

FACTORS THAT MAY WARRANT DEPARTURE

The presentence report contains a plethora of information concerning defendant's history, but also omits troubling experiences of abuse that Defendant had as a child. While not indicated in the presentence report, Mr. Friar advises that he was mentally and sexually abused in his formative years, which no doubt had an impact on his behavior in this case. Specifically, on two different occasions, Mr. Friar's mother attempted to run over Mr. Frair's father with a vehicle. These events occurred when Mr. Friar was approximately four and seven years old respectfully. Additionally, Mr. Friar's mother shot his father when Mr. Friar was a teenager.

When Mr. Friar was approximately four years old he was molested by an "older male" next door neighbor. Moreover, as the presentence report indicates, there were multiple aunts and uncles that resided in Mr. Friar's home at different times while he was growing up. Mr. Friar indicates that when he was nine years old he was molested by a female cousin every day for a year. When Mr. Friar was between the ages of 10-14 years of age he was sexually abused by one of his mother's sister's. It is believed that several of these incidents resulted in Mr. Friar being placed in foster care on two separate occasions. The first placement occurring when he was

approximately four years old, and the second when he was approximately ten years old.

Aside from the factors listed above, Mr. Friar is 67 years old. Even in the event the Court were to sentence Mr. Friar to the statutory minimum sentence in this case of 15 years, Mr. Friar would not be eligible for release until he was 82 years. It essentially would be a life sentence, given that Mr. Friar has had a multitude of health problems over the years, and is a type II diabetic.

Additionally, Mr. Friar is currently being treated for prostate problems, and will soon undergoing a biopsy to determine if he has prostate cancer.

As outlined above, in fashioning a sentence which is "sufficient but not greater than necessary" to give effect to the purposes of sentencing as defined by statute, the district court must consider:

- The Nature and Circumstances of the Offense along with the History and Characteristics of the defendant.
- The Kinds of Sentences available.
- The Sentence Guidelines and Policy Statements
- Avoidance of Unwarranted Sentencing Disparity
- Provision for Restitution where appropriate.

In applying the above circumstances to the present case, it is not only important to consider the mental and physical abuse that Mr. Friar suffered

as a juvenile, it is also important to consider the defendant's early acceptance of responsibility and plea in this case, eliminating the need for a trial. The Court should also consider the defendant's age and medical history. As such, it is submitted that a sentence of 240 months is appropriate in this matter. In the event that the Court determines that the guideline calculations in the presentence report are correct, it is pointed out that at a level 43, rendering a guideline range of life, this calculation essentially gives Mr. Friar no credit for acceptance of responsibility. As such, it is submitted that a 240 month sentence would still be appropriate.

Mr. Friar regrets his conduct and would request a sentence of 240 months. Mr. Friar would ask the Court not to impose a fine due to his limited financial resources.

## CONCLUSION

The Court should sentence the defendant to 240 months in prison and run the matter concurrently with the Defendant's State charges in indictment numbers 16-02709, 16-02710 and 16-02711 born out of the same conduct and circumstances.

Respectfully submitted this the 25th day of August 2016.

                        s/ James E. Thomas
                        James E. Thomas
                        P.O. Box 3760
                        Memphis, TN 38173
                        (901) 299-5222

                        s/Ronald D. Krelstein
                        Ronald D. Krelstein
                        7515 Corporate Centre Drive
                        Germantown, TN 38138-3836
                        901-754-9935

                        Attorneys for Rickie Friar

### CERTIFICATE OF SERVICE

I, James E. Thomas, hereby certify that I have provided a true and complete copy of the foregoing position of the defendant regarding sentencing factors via electronic filing to Ms. Debra Ireland, Assistant United States Attorney, and to Mr. Randal L. Hartford, United States Probation Officer, this the 25th day of August, 2016.

                        s/James E. Thomas
                        James E. Thomas